United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS HENRY SILVA, | No. C 14-2934 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |
| v. | |
| DAVE DAVEY, Warden, | |
| Respondent. | (Dkt. 23) |

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. 2245. Respondent was ordered to show cause why the petition should not be granted. Respondent filed an answer denying petitioner's claims. Petitioner filed a traverse. For the reasons stated below, the petition is **DENIED**.

## STATEMENT

### I.   PROCEDURAL BACKGROUND

A jury in Santa Cruz County Superior Court found petitioner guilty of dissuading a witness from prosecuting a crime, dissuading a witness from testifying, and violating a criminal protective order by threat or violence. On September 16, 2011, petitioner was convicted of witness dissuasion, counts four and five, and violating a criminal protective order which was a lesser-included offense

of count three. The jury did not reach a verdict on counts of criminal threats, assault with a deadly weapon, and intimate partner battery. After trial, the trial court found petitioner suffered a prior strike within the meaning of the Three Strikes Law. On December 16, 2011, the court sentenced petitioner to a total term of twelve years and eight months in state prison.

On appeal, the California Court of Appeal affirmed the judgment. On December 11, 2013, the California Supreme Court denied review.

## II.   FACTUAL BACKGROUND

Beginning in 2004, petitioner had a romantic relationship with Elsa Esparza. In 2007, she obtained a protective order against him after he had beaten her. He later pled no contest to violating that protective order. By 2010, they had two children together and the protective order allowed only consensual contact between them. By October 2010, the two had ended their relationship because Esparza's concerns about petitioner's infidelity. On October 12, 2010, petitioner was in Esparza's apartment. According to petitioner, he had had sex with another woman in the apartment earlier that day, had later returned with groceries, and Esparza allowed him in. According to Esparza, she did not allow him in, and he broke in through a window. The prosecution's evidence, largely coming from Esparza, indicated that petitioner subsequently assaulted her and threatened to kill her until she managed to free herself and run out of her apartment. Petitioner testified in his defense that Esparza verbally assaulted him about his infidelity. After the altercation, Esparza called the police and petitioner was arrested two days later pursuant to a warrant by the Watsonville Police Department. At trial, the court admitted evidence of petitioner's past violence against Esparza in 2007, as well as his assault on a prior girlfriend in 1997.

While petitioner was in jail, he telephoned Esparza numerous times, during which he urged her to drop the charges and told her that it would be bad for her if she came to court. Esparza understood there conversations to mean that he wanted her to tell the police that she fabricated the story of the break-in and assault, and that he had relatives who would pay her to do so. Esparza was subpoenaed to appear in court on November 1, 2010, but she did not come; the court then issued a body attachment for her. According to petitioner, he wanted her to tell the police and prosecutors the truth, which would result in the charges being dropped, and that it would be bad for her if she

testified falsely. Petitioner's sister testified that in the past, Esparza had wanted to have petitioner incarcerated.

**ANALYSIS**

**I.    STANDARD OF REVIEW**

A petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA ). This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion from the state courts. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). The last reasoned state court decision on petitioner's claims is the decision by the California Court of Appeal on direct review (Ans. Ex. E).

**II.    ISSUES PRESENTED**

Petitioner raises two claims for federal habeas relief: (1) the trial court issued an impermissibly coercive jury instruction during deliberations, and trial counsel was ineffective in failing to object to the instruction and in failing to request a curative instruction; and (2) that the five-year sentence enhancement violated his right to due process and the rule of lenity.

3

### 1. SUPPLEMENTAL JURY INSTRUCTION

During deliberations, the jury announced its inability to reach a verdict on five of the six counts charged against petitioner. The judge asked the foreperson whether further deliberations would be fruitful, to which she replied yes. The foreperson ultimately changed her mind after two fellow juror interjected. The judge then individually polled three other jurors to see whether further deliberation would lead to additional verdicts. Two of the three did not think so. Ultimately, the judge asked for a show of hands on who felt further deliberations would lead to additional verdicts, and four jurors raised their hand. The judge then gave the following supplemental instruction: "Well, I will share with you that the law provides if any member of the jury indicates there's a reasonable probability that there could be further developments, then it's my obligation to ask you to continue your deliberations." (8 RT 1779). The court further stated, "I want you to think about if there's any further assistance I can give you. If you'd like to ask for further clarification on any of the instructions, if you'd like to ask for any further guidance in any way, you're welcome to do so." (*id.* 1780-81). Petitioner's trial counsel did not object to the judge's supplemental instruction.

Petitioner has not exhausted his claim that the supplemental jury instruction violated his right to due process because it was coercive. To exhaust his federal habeas claims, he must present the federal constitutional basis for his claims to the state's highest court. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995 (per curiam). Here, petitioner argued in the California Supreme Court that the supplemental instruction was coercive, but he did not argue that this amounted to federal constitutional, as he argues here. Therefore, the claim is not exhausted.

The supplemental instruction was, in any event, not coercive. It did not require the jurors to reach a verdict. It simply informed them to continue their deliberations because some of the jurors indicated that further deliberations could be fruitful. This was a correct statement of the law. *See* Cal. Pen. Code § 1140. The trial court invited the jurors to ask any additional questions, and further stated that it was not required to do so (*see* 8 RT 1781). Additional instructions to the jury made it clear that no particular verdict was required, including instructions prior to deliberation pursuant to CALCRIM No. 3550 and the trial court informing the jury after the verdict on count five that "you

should not give up your position just because another juror disagrees with you, of course." Under these circumstances, the supplemental instruction, when viewed either in isolation or in the context of all the instructions to the jury, was not coercive. Accordingly, this claim fails on its merits.

Trial counsel was furthermore not ineffective in failing to object to the instruction. There was no error in the instruction that could form the basis of a valid objection. As a result, it was neither unreasonable nor prejudicial for counsel not to make such an objection. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984)) (setting forth two-prong test for claim of ineffective assistance of counsel).

Petitioner's challenge to the trial court's instruction during deliberations is unexhausted and without merit, and his claim of ineffective assistance of counsel with respect to that instruction is meritless. Accordingly, he may not obtain habeas relief on these grounds.

**B.     SERIOUS FELONY ENHANCEMENT CLAIM**

Petitioner asserts that the trial court's imposition of a five-year sentence enhancement under California Penal Code Section 1192.6 for having suffered a prior "serious felony" violated his right to due process, the rule of lenity and state law. Petitioner was convicted of felonies for dissuading a witness under California Penal Code Sections 136.1(a)(2) and 136.1(b)(2), both of which qualify as "serious felonies" within the meaning of Section 1192.7(c)(37) under California law. *See People v. Neely*, 124 Cal. App. 4th 1258, 1268 (2004). Petitioner argues that *Neely* was wrongly decided, and that only convictions under Section 136.1(c)(1) should count as a "serious felony." Petitioner argues that his right to due process and the rule of lenity, which requires an ambiguous law be interpreted in a defendants' favor, were violated because his sentence is not permitted under state law.

A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Hicks v. Feiock*, 485 U.S. 624, 629 (1988). A determination of state law made by an intermediate appellate court must be followed and may not be "disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Id.* at 630. The interpretation of state law in *Neely*, as well as by the California Court of Appeal on direct review of petitioner's conviction, is binding here. There is no authority or other indication in the record that the California Supreme

Court would have decided this issue differently than the California Court of Appeal; indeed, the California Supreme Court denied the petition for review in which it could have reversed the Court of Appeal's ruling. Petitioner's disagreement with the state courts' interpretation of state law cannot be the basis of federal habeas relief.

In his traverse, petitioner raises a new claim, asserting that classification of the offense as a serious felony violates his Sixth Amendment right to a jury under *Apprendi v. New Jersey*, 530, U.S. 466 (2000). *Apprendi* held that enhancing a criminal sentence based on facts not submitted to the jury violates the Sixth Amendment. *Id.* at 467. Whether witness dissuasion constitutes a "serious felony" under state law is a question of law, not a question of fact. Therefore, it need not be decided by a jury under *Apprendi*.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A certificate of appealability will not issue because reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the United States Court of Appeals.

The clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: August ___24___, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE